ROBERT L. BLAND, Judge,
dissenting.
It is unfortunate and most regretable that the claimant’s intestate, Richard Wayne Hildreth, should have met with an accident and lost his life on state route No. 73, but an award of the public funds may not be made on the ground of sympathy. Negligence of the state road commission in the maintenance of said highway is charged in the claiman’t petition as the direct and proximate cause of said accident and death, and the burden rests upon the claimant to prove the truth of such allegations and that said Richard Wayne Hildreth was free from fault in the premises. This, in my judgment, has not been done; and, as I see my duty, I am unable to concur in the award of $4,000.00 made in favor of the claimant by majority members, and from which award I am obliged to note my dissent.
The accident and death occurred around about eleven thirty o’clock on the night of December 17th, 1948. The said Richard Wayne Hildreth was driving a jeep on said route No. 73, between Morgantown and Fairmont, accompanied by Margaret Austin, aged about seventeen, and her sister, aged about twelve. The decedent was eighteen years, six months and six days of age. Both he and Margaret Austin, who sat together on the front seat of the jeep, could not have been unfamiliar with the highway, since both had driven over it prior to the accident. Just beyond Meadowdale the jeep ran into a “spot” of ice and the accident occurred, resulting in the death of the young man. Miss Austin and the decedent had driven over the road several times before the happening of the accident. The young sister of the said Margaret Austin sat in the back seat of the jeep. The said Margaret Austin testified in the case. Her sister did not. The testimony of the said Margaret Austin clearly discloses the fact that there was discussion of *202 the icy point on the road before the accident occurred. It will be observed that the accident happened at nearly midnight on December 27, 1948. The alleged cause of such accident, relied upon by claimant to establish his right to an award and approved by the majority opinion was that respondent “permitted waters to seep through paved portion of road from a wet weather spring beneath the highway, which waters in freezing caused the icy condition.” I do not think that it may be reasonably maintained that responsibility rests upon the state road commission to actually prevent seepage of water and formation of ice on the highways of the state in the wintertime. It occurs to me that such obligation would be preposterous. The court of claims hitherto has never sustained such responsibility on the part of the state in the maintenance and operation of its highways. No possible obligation or duty would demand such action. All that the state is required to do is to maintain its highways in a reasonably safe condition for public travel thereon'. It appears from the testimony of Corporal E. D. Hamilton of the state department of public safety, who had been stationed in the county for approximately fifteen years, that the road commission spreads cinders upon the road on which the accident occurred from time to time and employed other measures to keep the thoroughfare in reasonably safe condition for public travel thereon.
In the case of Artenis G. Morton v. Road Commission, 2 Ct. Claims (W. Va.), 262, this court held that:
“An award will be refused where alleged negligence ■ of respondent is not proved, and when claimant, knowing the conditions and existence of a danger, • voluntarily and unnecessarily exposed herself to it, when an ordinarily prudent person would not have incurred the risk of injury which such conduct involved.”
We have held that under the act creating the court of claims negligence on the part of the state agency involved must be fully shown before an award will be made. This, in my judgment, has not been done in the instant case. We have also *203 held that no duty, express or implied, rests upon the state road commission of West Virginia to maintain the highways under its jurisdiction in more than reasonably safe condition for use in the usual manner and by the ordinary methods of travel. Such holding was based upon a West Virginia Supreme Court decision. We have also held that the state does not guarantee freedom from accident of persons traveling on such highways. We have also held that when the basis of a claim prosecuted against a state agency is negligence and omission of duty, and it is clearly established by the evidence that it is not a claim which the state as a sovereign commonwealth should discharge and pay, an award will be denied. I do not think that it anywhere appears from the evidence adduced before the court that the instant claim is one that a sovereign commonwealth should discharge and pay.